THE CITY OF GRAND RAPIDS v. ADRIAN WELLEMAN.

*Taxes—Equalization by city board—Validity of roll—Action to collect tax—Demand—Interest.*

1. The action of the board of review and equalization of the city of Grand Rapids is conclusive upon the question of the equalized valuation of the several wards, and, within the ruling in *Case v. Dean*, 16 Mich. 12, cannot be invalidated by evidence that the board adopted as a basis an erroneous footing of the assessment roll of one of the wards.

2. The fact that a supervisor's warrant directs the payment of the one per cent., which he is authorized to add to his roll to avoid fractions, to reimburse a delinquency of the former year, growing out of an error in not adding a sufficient percentage, will not invalidate the roll.

3. In a suit to recover a tax upon personal property, the judgment

may include interest thereon computed from the time it became due and payable.

4. A city tax collector called upon a delinquent tax-payer, after the expiration of his warrant, for the tax assessed upon personal property, which he promised to pay, which is held a sufficient demand of payment to warrant the commencement of a suit for its collection after its return to the county treasurer, and the issuance of a new warrant, which was still in force, and which suit is not prematurely brought.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued February 26, 1891. Decided April 17, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Frank G. Holmes (Smiley & Earle,* of counsel), for appellant.

*William Wisner Taylor,* for plaintiff.

LONG, J. This cause was tried in the superior court of Grand Rapids before the court without a jury, and the court found the following facts and law:

"FINDINGS OF FACT:

"1. That this is an action of *assumpsit,* brought by the city against Adrian Welleman to recover the sum of $218.20, assessed against said defendant for personal tax in the Third ward of said city of Grand Rapids for the year 1888.

"2. That said defendant was during the year 1888 and on the second Monday of April of said year, and for a long time prior thereto, an inhabitant and resident of the said Third ward of said city.

"3. That he then and there had and was the owner of a large amount of personal property, consisting of mortgages on real estate, due said Welleman, and owned by him.

"4. That the supervisor of said ward of said city made his assessment in said Third ward regularly and in due form, and returned his assessment roll to the board of review and equalization of said city, within the time provided by law, to wit, on May 28, 1888, being the last Monday in May, 1888.

"5. That said board of review and equalization so received said assessment roll and proceeded to review the assessments therein

contained, and said board footed up said assessment roll to learn the aggregate value of the taxable property entered upon such roll, and the board erroneously footed the aggregate value of the taxable property on said roll to be $4,733,343, when the sum was only $4,688,993, and that said defendant in said assessment roll had been assessed by the said supervisors the sum of $10,000 on said personal property, consisting, as above stated, of mortgages; that said Welleman, considering himself aggrieved by said assessment, applied to said board of review and equalization of said city for a reduction of the amount so assessed against him, whereupon said board of review and equalization examined said assessment roll, and reduced said assessment against said defendant to the sum of $8,000, within the time prescribed by law, and also reduced the assessments of other aggrieved parties assessed, who had appealed to said board from their assessments, in all, to the amount of $21,513, which said amount so deducted by said board was all the change made by said board in said roll in reviewing and equalizing the same; that thereafter said board of review and equalization equalized the assessment rolls of the several wards of said city, including the said assessment roll of the Third ward; that said board made no other change except the amount deducted from the individual assessments on appeal, but, in adopting the erroneous footing of the assessed valuation of $4,733,343 as the basis of their footing, they found, after a deduction of $21,513, on personal appeals, $4,711,830 to be the relative equalized valuation of said ward with the other wards in the city; that said board of review and equalization thereupon made a certificate, and attached the same to said assessment roll, which certificate is in the words and figures as follows:

" ' We do hereby certify that we have reviewed and equalized the within roll by deducting from the valuation of the real estate and other property assessed by the supervisor the amount of $21,513, and have determined the aggregate value of the taxable property of the Third ward to be $4,711,830 for the year A. D. 1888.

" ' JAMES B. GULLIFORD,
" ' ADOLPHUS L. SKINNER,
" ' CHARLES S. SHATTUCK,
" ' Board of Review and Equalization of the City of Grand Rapids.'

" And the said board of review and equalization did so equalize said ward, and determined the aggregate value of the taxable property in said ward to be $4,711,830. Said board, in so equalizing said ward roll, used as the basis of their action and valuation $44,350 higher than the true assessed valuation of said ward, believing the same to be the true footings of assessed valuation. and deducted said $21,513 from such true assessed valuation, and supposed that to be the relative equalized valuation of the said ward. Hence said relative equalized valuation would have been

$4.667,480, instead of $4,711,830, as erroneously footed by said board.

"That said board kept a record of their proceedings, upon which appeared the names of the persons appealing, the amount assessed, the reductions made by the board of real and personal estate, the aggregate assessed valuation of the wards, also the aggregate equalized valuation of each ward; and that said record showed that said Third ward was equalized at $4,711,830. Said record consisted of a schedule purporting to show the amount of real and personal property in each ward as assessed by the supervisor of each ward, respectively, the amount added to or deducted from the supervisor's assessment of each ward, and the amount at which the said supervisors equalized assessments of the several wards.

"That said board of review and equalization did on the 21st day of July, 1888, after said roll had, as aforesaid, been reviewed and equalized, return said assessment roll to the supervisor of said Third ward, and that thereafter, and in the ordinary manner provided by law, said assessment roll was presented to the board of supervisors of said county by the supervisor of the Third ward, and said board of supervisors apportioned the said State, county, and school tax to said Third ward upon the basis of $4,711,830, said determination of said board of review, and the same was also adopted by the county clerk in apportioning the city tax to said ward; and that thereafter said supervisor proceeded to assess the tax apportioned to said ward according and in proportion to the valuations entered by the said board of review in the said assessment roll of said ward for the said year 1888; and that said supervisor also spread upon said roll, to be paid into the county treasury, $157, not certified to him to be spread upon said roll by the county clerk, claiming the right to do so by virtue of the statute authorizing him to add not more than one per cent. for the purpose of avoiding fractions, but that said supervisor assumed the responsibility of spreading said amount upon the ward assessment roll to pay a former indebtedness of the ward to the county, caused by adopting too small a fraction the previous year, and did thereupon prepare a copy of said assessment roll, with the taxes assessed as hereinbefore stated, and annexed thereto a warrant signed by him, commanding the collector of said Third ward to collect the several sums mentioned in the last column of said roll within the time and in the manner provided by law, together with the said $157 above mentioned.

"That the total of said roll, after said review of the board of review and equalization, was the sum of $4,667,480, which was the amount used by the said supervisor to fix his percentage upon each of the properties in his ward, and was the correct footing of said roll after said review.

"That the said board of review, on receipt of said assessment rolls, and before they equalized said Third ward, in connection with the other seven wards of the city, footed up the various assessment rolls of the various wards in the said city as delivered to them by the respective supervisors of the said wards, and in footing up the said Third ward assessment roll as so delivered to the supervisor footed the same at the sum of $44,350 more than the correct footing would have made it; that after the board had taken off the appeals filed with them, they visited the property of the several wards, and took it all into consideration, and then went to work and equalized the wards, and equalized the Third ward by reducing it $21,513, as shown by their certificate attached thereto, and hereinbefore set forth, the same being the amount which they had deducted from sundry assessments upon the individual appeals taken therefrom; that the tax so assessed against said defendant in said year upon said tax roll amounted to the sum of $218.20.

"That the said ward collector, in accordance with the provisions of law, attempted to collect said tax; that the common council of said city extended the time for the collection of taxes one month from the 1st day of February; that said defendant, not having paid his tax on or before the 1st day of January, 1889, the said collector did, during the first week in March, 1889, call upon the said defendant for his tax, and he promised to pay, but failed to do so; that said collector was unable to find any goods or chattels belonging to said defendant within the county of Kent, in said State of Michigan, although he made diligent search and inquiry therefor; that thereafter, and on the 20th day of March, 1889, said collector made a statement, showing the tax upon personal property remaining unpaid, and the names of the persons against whom assessed, and the amount against each, which said statement included said tax assessed upon the said personal property of said Adrian Welleman, which showed that said personal tax remained unpaid, and in said statement said collector set forth the amount of all the moneys collected by him on account of taxes, which statement he verified by his affidavit, and in which he stated in substance and in fact that the sums mentioned in such statement as uncollected remained unpaid, and that he had not upon diligent inquiry been able to discover any goods or chattels belonging to the persons named (among them the said defendant) liable to pay such sums whereupon he could levy the same, and that the amount of money collected by him upon such tax roll was truly stated therein.

"6. That the county treasurer of said county at said time gave to the township treasurer a statement of all personal taxes which remained uncollected on the tax roll of said year 1888 in said Third ward, taken from the return of said collector, with a war-

rant authorizing said collector, or his successor, to collect the same according to law, which said warrant at the time of the commencement of this suit was in force, and in the hands of said collector, and unreturned; that this cause was commenced by summons on the 24th day of July, 1889, while said warrant was still in the hands of said collector, and not returned.

"CONCLUSIONS OF LAW:

"From the above findings of fact, which constitute all the material facts established upon said trial, I reach the following conclusions of law:

"The power of equalization by the board being confined to the real estate, and the whole subject being under their complete jurisdiction, they may adopt their own means of reaching the result; and when that result is reached it is conclusive, and cannot be invalidated by evidence that they had adopted as a basis an erroneous footing or aggregate of the valuations in the return by the supervisor to them in said assessment roll at the time it was by the supervisor delivered to the board. The only object to be accomplished by the equalization is to produce relative equality among the several wards of the city; and this can be done as well, if not better, by comparing, in a considerable number of instances, separate pieces of real estate of similar qualities, area, and value in the several wards, as by taking the aggregate in each. But the board had full and complete jurisdiction (not subject to review) over the whole subject-matter of this equalization, and may adopt their own means of reaching the result; and when they have fixed the amount at which the real estate in a ward is to be valued for the year it is conclusive, and cannot be invalidated by showing that they had adopted an erroneous footing or aggregate of the valuations returned by the supervisor. This is the doctrine laid down in *Case v. Dean*, 16 Mich. 12. The certificate of the board of review and equalization attached to said assessment roll was in the form prescribed by the statute (section 10, title 5, of the charter). No showing of any kind is made that the defendant received any injury by way of increased assessment and tax.

"I find as a matter of law that all the steps taken to spread, levy, and enforce the tax in question were valid, and in compliance with the law; that the suit in question was duly brought after the expiration of the original warrant to the ward collector (as extended by the common council), and before the next meeting of the board of supervisors of the county after the ward collector's return to the county treasurer, and after a receipt by said collector from the county treasurer of the statement and warrant, authorizing said collector to collect according to law the returned unpaid personal taxes.

"I therefore find as matter of law that the plaintiff is entitled

to recover from said defendant the amount of said personal tax so assessed against him in the tax roll of said Third ward for the year 1888, amounting to the sum of two hundred and eighteen dollars and twenty cents, with interest thereon at the rate of six per cent. per annum from the 1st day of February, A. D. 1889, up to the time of rendering the judgment herein."

Judgment was entered against the defendant for this amount. And thereupon the counsel for the defendant requested the court to find as conclusions of law the following:

"1. That the power of equalization by the board of review is confined to all taxable property of the several wards of the city, and such equalization can only be determined by using the true assessed valuation of each ward as made by the supervisor as a basis of such equalization.

"2. That the determination by the board of review, acting upon this erroneous basis, of the assessed valuation, made their relative equalized valuation of the Third ward greater than it should have been by $44,350.

"3. That the board of supervisors, using this increased valuation of $4,711,830 as the basis of apportionment of said county and school tax, apportioned a greater amount than its just burden to the Third ward, and the same was true as to the apportionment of the city tax by the county clerk, and that the tax placed upon the Third ward for that year was excessive and beyond its just proportion, and therefore void.

"4. That, as to the item of $157, the same was not certified to by the county clerk, and was levied by the supervisor without authority, and was an excessive tax, and therefore void.

"5. That this action was commenced while the county treasurer's warrant was still in force and in the hands of the collector, and this suit was prematurely brought, and cannot therefore be maintained.

"6. That under the facts above found the plaintiff is not entitled to recover in this action."

All of which the said court refused to find and conclude; to which the counsel for the defendant then and there excepted.

The only questions presented are raised under these

exceptions. The evidence is returned in the record, and fully supports the findings of fact made by the court below. The court was not in error in his conclusion of law that the action of the board of review and equalization of the city of Grand Rapids is final and conclusive. It falls in principle within the ruling of this Court in *Case v. Dean,* 16 Mich. 12. That case referred to the equalization made by the board of supervisors. It was held that—

"The power of equalization by the board being confined to the real estate, and the whole subject being under their complete jurisdiction, they may adopt their own means of reaching the result; and when that result is reached it is conclusive, and cannot be invalidated by evidence that they had adopted as a basis an erroneous footing or aggregate of the valuations returned by the supervisor."

Sections 9, 10, tit. 5, of the charter of Grand Rapids, pp. 60, 61, of the bound volume, provide:

"SEC. 9. [As amended May 23, 1879.] It shall be the duty of said board of review and equalization, on the Thursday preceding the second Monday in June in each year, or as soon thereafter as may be, to examine and ascertain whether the real estate in the respective wards has been equally and uniformly estimated. If on such examination they shall deem such valuation to be relatively unequal, they shall equalize the same by adding to or deducting from the valuation of the taxable property in the ward or wards such an amount as is in their judgment will produce relatively an equal and uniform valuation of the real estate; and the amount added to or deducted from the valuation of each ward shall be so stated in a certificate attached to said assessment rolls, and all taxes for State, county, school, and general city purposes shall be apportioned according to said equalization; and said equalization shall not be changed with regard to the relative valuation of the several wards of said city: *Provided,* That nothing herein contained shall prevent the board of supervisors of the county of Kent

from equalizing said city of Grand Rapids as a township of said county.

"SEC. 10. After the assessment shall have been equalized, it shall be the duty of said board of review and equalization, or a majority thereof, to make and sign a certificate, which shall be attached or appended to the roll of each ward, which certificate may be in the following form, to wit: ' We do hereby certify that we have reviewed and equalized the within roll by adding to or deducting from the valuation of the real estate and other property, as assessed by the supervisor, or, without adding to or deducting from the real estate made by the supervisor, as the case may be, and have determined the aggregate value of the taxable property in the —— ward to be .—— dollars and —— cents for the year 18—,' which assessment rolls, certified to as aforesaid, shall be returned to the supervisors of the respective wards on or before the first Monday in August in each year." [1]

The certificate, therefore, of the board of review and equalization, attached to this roll, is conclusive upon the question of the equalized valuation of that ward, and, within the ruling in *Case v. Dean, supra,* not to be invalidated by evidence that the board adopted as a basis an erroneous footing of the roll.

There was no error in the finding of the court that the $157 put into the roll did not invalidate the roll. Under the statute the supervisor had the right to add one per cent. to avoid fractions. The amount added did not exceed this one per cent., and the fact that the supervisor in his warrant to the collector directed the payment of this sum to reimburse the delinquency of the former year, growing out of an error in not adding a sufficient per centage, did not invalidate the tax.

Under the facts found there was sufficient demand made for the payment of this tax to warrant the commencement of this action, and the action was not prematurely

---

[1] Local Acts of 1877, p. 153; Local Acts of 1879, p. 191.

brought. The commencement of the suit is warranted by section 15, tit. 5, of the charter.

The court was not in error in adding interest to the amount of the tax, and entering judgment therefor. The tax was due and payable, and from the time it became due interest was properly computed.

The judgment must be affirmed, with costs.

MORSE, McGRATH, and GRANT, JJ., concurred. CHAMPLIN, C. J., did not sit.